UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

David Tuck

     v.                                                               Civil No. 22-cv-152-LM
                                                                       Opinion No. 2022 DNH 149 P

Gene Shroyer, et al.

# **O R D E R**

Plaintiff David Tuck sues defendants Gene Shroyer, US Construction Corporation, US Specialty Corporation, and US Shared Services Corporation for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., violation of New Hampshire wage and hour laws, RSA chapter 275, breach of contract, and quantum meruit.  Defendants move to dismiss, arguing that this court lacks personal jurisdiction over them and that Tuck's FLSA claims necessarily fail because FLSA does not apply to "administrative employees."  Tuck objects.  For the following reasons, defendants' motion to dismiss (doc. no. 7) is denied.

## STANDARD OF REVIEW

I.    Personal Jurisdiction: Rule 12(b)(2)

Once a challenge to personal jurisdiction has been raised under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction.  Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002).  In the absence of an evidentiary hearing, the court uses the prima facie standard to evaluate whether the court has personal jurisdiction over a defendant.  De Laire v. Voris, No. 21-cv-131-JD, 2021 WL 1227087, at *2

(D.N.H. Apr. 1, 2021). Under the prima facie standard, the court takes the plaintiff's properly supported proffers of evidence as true and construes those proffers in the light most favorable to the plaintiff. Nandjou v. Marriott Int'l, Inc., 985 F.3d 135, 147 (1st Cir. 2021); see Lin v. TipRanks, Ltd., 19 F. 4th 28, 33 (1st Cir. 2021) (explaining that the court takes the "specific facts affirmatively alleged by the plaintiff as true" regardless of whether they are disputed but, at the same time, does not credit "conclusory allegations" or "conclusory averments" without "evidence of specific facts"). The court also considers any undisputed facts offered by the defendant. Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020).

II.     Failure to State a Claim for Relief: Rule 12(b)(6)

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to render his entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. Unlike the standard under Rule 12(b)(2), the court looks only to the plaintiff's allegations; proffers of evidence are unnecessary, and the court does not consider facts or evidence offered by the defendant. See id.; Nandjou, 985 F.3d at 147.

## BACKGROUND[1]

Plaintiff David Tuck lives in Hudson, New Hampshire. In late 2020, Tuck and Defendant Gene Shroyer started a construction business. Tuck and Shroyer formed their business in Delaware as US Consolidated, LLC. The business primarily performs construction work in Georgia, Ohio, and Alabama. US Consolidated has three wholly-owned subsidiaries, which were formed around the same time as US Consolidated: US Construction Corporation, US Specialty Corporation, and US Shared Services Corporation. Collectively, the subsidiaries—each of which is a defendant in this action—are known as the "Operating Companies."

Tuck and Shroyer are US Consolidated's only members and are 50% co-owners. Additionally, the Operating Companies hired Tuck, who lived in New Hampshire at that time, to be their Chief Financial Officer. Tuck's annual salary was set at $180,000. The Operating Companies and Tuck, however, "deferred" his salary until the business was profitable.

Tuck worked for the Operating Companies full-time through 2021. US Consolidated and the Operating Companies set up a shared office space for Tuck to work in Nashua, New Hampshire. Tuck performed all of his job responsibilities for US Consolidated and the Operating Companies in New Hampshire. Defendants

---

[1] The following facts are derived from the allegations in the complaint, to the extent the motion is under Rule 12(b)(6), and from Tuck's properly supported factual proffers, to the extent the motion is under Rule 12(b)(2). Defendants dispute much of these facts, but the standards at this stage require the court to favor Tuck's version of events.

knew when they hired Tuck and entered the business venture with him that he lived in New Hampshire and that he would be performing all of his job responsibilities in New Hampshire.

The business became profitable in 2021. However, in December 2021, Shroyer ended Tuck's employment, and he has since asserted that Tuck never held any ownership interest in US Consolidated and was never employed with the Operating Companies. Tuck has not been paid any wages from his alleged employment and has received no compensation from his alleged ownership interests.

Tuck brings several claims in this suit. In Count I, he alleges that the defendants violated FLSA by failing to pay him wages, and, in Count II, Tuck alleges that the defendants violated FLSA by failing to pay him overtime wages. In Count III, Tuck alleges that defendants' failure to pay him wages also violates provisions of RSA chapter 275, which sets out New Hampshire's wage and hour laws. In Count IV, Tuck alleges that the Operating Companies breached their employment contract with him. And, in Count V, Tuck brings a quantum meruit claim against the Operating Companies to recover his unpaid wages.

## DISCUSSION

Defendants move to dismiss Tuck's complaint. First, they argue that the court lacks personal jurisdiction over them because they have insufficient contacts with New Hampshire. Second, they argue that Tuck's FLSA claims should be dismissed for failure to state a claim upon which relief can be granted because

Tuck's alleged employment necessarily falls within FLSA's administrative employee exemption. Tuck contends that the court has personal jurisdiction and that the court should not determine whether he was an administrative employee until a full factual record has been developed.

I.  The court has personal jurisdiction over defendants.

The Fourteenth Amendment's Due Process Clause[2] prohibits a court from asserting personal jurisdiction over a defendant unless the defendant has sufficient minimum contacts with the forum state to allow the defendant to reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The court may have personal jurisdiction over a defendant through either "general" or "specific" jurisdiction. See PREP Tours, Inc. v. Am. Youth Soccer Org., 913 F.3d 11, 17 (1st Cir. 2019). In this case, Tuck seeks to establish both specific and general jurisdiction. Because the court finds that specific jurisdiction exists, it does not reach Tuck's alternative argument that the court has general jurisdiction.

---

[2] The Fourteenth Amendment's Due Process Clause applies to the extent Tuck relies on federal-question jurisdiction because FLSA does not authorize nationwide service of process and New Hampshire's long-arm statute, RSA 510:4(I), is coextensive with the Fourteenth Amendment. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1085-86 (1st Cir. 1992) (explaining the interaction between the Fifth Amendment, Fourteenth Amendment, and Federal Rule of Civil Procedure 4 that results in the Fourteenth Amendment's application in some federal question cases); Roy v. FedEx Ground Package Sys. Inc., 353 F. Supp. 3d 43, 55-56 (D. Mass. 2018) (stating that FLSA does not authorize nationwide service of process, so the Fourteenth Amendment and state law set the limits on the court's exercise of federal jurisdiction).

The test for determining specific jurisdiction has three prongs, all three of which must be met if the court is to exercise personal jurisdiction over a defendant:

> **First**, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. **Second**, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. **Third**, the exercise of jurisdiction must be reasonable.

Id. (emphases added) (quoting United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1089).

A. Relatedness

To show "relatedness," the plaintiff must demonstrate that the defendant engaged in "some forum-related actions" that are associated with the plaintiff's claims. R&R Auction Co. v. Johnson, No. 15-cv-199-PB, 2016 WL 845313, at *4 (D.N.H. Mar. 2, 2016). All of the alleged claims in this case relate to alleged violations of law that occurred in New Hampshire, namely, the failure to compensate an employee who worked in New Hampshire under a contract that was formed in New Hampshire. For that reason, the relatedness prong is met here. See Cossart v. United Excel Corp., 804 F.3d 13, 20-21 (1st Cir. 2015) (holding that relatedness prong was met when contract was "procured with a Massachusetts resident to be performed by the resident primarily from Massachusetts"); C.W. Downer & Co. v. Bioriginal Food & Science Corp., 771 F.3d 59, 66 (1st Cir. 2014) (holding that lawsuit was related to forum state when allegations involved breach of

contract whose performance necessarily involved an ongoing connection with the forum state); Astro-Med, Inc. v. Nihon Kohden Amer., Inc., 591 F.3d 1, 9-10 (1st Cir. 2009) (holding that lawsuit was related to forum state when a breach of contract occurred in the forum state notwithstanding facts that defendant's conduct causing the breach occurred outside of the forum state).

  B.  <u>Purposeful Availment</u>

"The purposeful availment requirement ensures that the exercise of jurisdiction is essentially voluntary and foreseeable . . . and is not premised on a defendant's 'random, fortuitous, or attenuated contacts.'" Knox v. MetalForming, Inc., 914 F.3d 685, 691 (1st Cir. 2019) (citations omitted). The court looks at whether the defendant's contacts with New Hampshire were "voluntary"—meaning not based on the unilateral actions of another party or third person—and whether the contacts with New Hampshire were such that the defendant could reasonably anticipate being haled into court here. Nowak v. Tak How Investments, Ltd., 94 F.3d 708, 716 (1st Cir. 1996). Moreover, "[e]xercising jurisdiction is appropriate where the defendant purposefully derives economic benefits from its forum-state activities." See id. at 717.

Considering the evidence in the light most favorable to Tuck, the court agrees with Tuck that the purposeful availment element is established. Defendants hired Tuck and agreed to engage in a business venture with him knowing that he lived in and would perform all activities related to the business in New Hampshire. Id.; Remsburg v. Docusearch, Inc., No. CIV. 00-211-B, 2002 WL 130952, at *5 (D.N.H.

Jan. 31, 2002) (finding purposeful availment when defendant "established a significant business relationship" in New Hampshire). On top of that fact, defendants facilitated Tuck's work in New Hampshire by maintaining office space for him in New Hampshire. See Cossart, 804 F.3d at 21-22 (finding purposeful availment prong met in part because defendant "did significant work" for the defendant in the forum state and the defendant "facilitate[d] that work by providing the requisite office equipment").

Because it was Tuck's choice to work in New Hampshire and defendants did not care where he worked, defendants attempt to recast their connections to New Hampshire as merely Tuck's connections. Defendants are correct that a plaintiff cannot use what are merely his own connections to the forum state to establish personal jurisdiction over a defendant. See, e.g., Sig Sauer, Inc. v. Bagnell, No. 22-cv-78-LM, --- F. Supp. 3d ---, 2022 WL 2704254, at *5 (D.N.H. July 12, 2022) (discussing differences between plaintiff's connections to the state and defendant's connections). And, courts have declined to find personal jurisdiction over an employer who merely employed remotely or sought to employ a person who happened to live in a particular state. See Phillips v. Prairie Eye Ctr., 530 F.3d 22, 25 (1st Cir. 2008) (holding that defendant's mere awareness that plaintiff lived in Massachusetts and plaintiff's receipt of a contract in Massachusetts was insufficient to show purposeful availment); Phillips v. Persons Servs. Corp., No. 20-cv-2392-MSN, 2021 WL 5277481, at *4 (W.D. Tenn. Mar. 31, 2021) (finding lack of personal jurisdiction in Tennessee when defendant initially hired employee to work in

Alabama, but later allowed him to work part time from home in Tennessee). Here, however, defendants knew Tuck would be working in New Hampshire, chose to engage in a business venture and employ him in New Hampshire, and facilitated Tuck's work in New Hampshire. Those facts distinguish this case from the others in which courts have declined to find personal jurisdiction. Compare Cossart, 804 F.3d at 21-22, with Phillips, 2021 WL 5277481, at *4. For those reasons the purposeful availment prong is met here.

C. Reasonableness

An exercise of personal jurisdiction in the forum is reasonable if the five "gestalt" factors are met. Knox, 914 F.3d at 694. Those factors are:

- the defendant's burden of appearing in the forum;
- the forum state's interest in adjudicating the dispute;
- the plaintiff's interest in obtaining convenient and effective relief;
- the judicial system's interest in obtaining the most effective resolution of the controversy; and
- the common interests of all sovereigns in promoting substantive social policies.

Id. The gestalt factors "are designed to put in sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in particular situations." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). The party moving for dismissal for lack of personal jurisdiction generally demonstrates whether exercise of personal jurisdiction would be unreasonable. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994).

9

Defendants did not offer any argument as to whether the exercise of personal jurisdiction would be unreasonable or why appearing in New Hampshire would be particularly burdensome to them.  And the court can discern no reason from the circumstances here as to why the gestalt factors would weigh against exercising jurisdiction.  New Hampshire has an interest in being the forum that determines whether Tuck, who performed his work for defendants in New Hampshire, has meritorious claims under New Hampshire state law.  See Cossart, 804 F.3d at 22 (stating that Massachusetts "clearly" had an interest in being the forum where plaintiff's Massachusetts state law claims were decided).  The remaining relevant factors do not indicate any problem with New Hampshire serving as the forum state.  See id.  In short, Defendants have failed to show that the court's exercise of personal jurisdiction would be unreasonable.

All three elements of personal jurisdiction are met here.  Therefore, the court proceeds to defendants' motion to dismiss based on failure to state a claim on which relief can be granted.

II.   <u>Defendants have not shown that Tuck was an administrative employee under the Fair Labor Standards Act.</u>

Defendants argue that Tuck's FLSA claims fail because Tuck was an administrative employee, which exempts him from FLSA's minimum- and overtime-compensation rules.  Tuck responds that the court should not decide whether he is an administrative employee until a more complete factual record has been developed.

10

FLSA requires employers to pay employees a minimum wage for compensable work. 29 U.S.C. § 206. Additionally, under the overtime compensation rule, FLSA requires employers to pay their employees time-and-a-half when they work more than 40 hours per week. Id. § 207(a)(1). An employer subject to FLSA must also comply with recordkeeping rules. See id. § 211(c).

FLSA, however, exempts from these rules "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." Id. § 213(a)(1).[3] Department of Labor regulations further define what constitutes an administrative employee, stating that the exemption includes any employee:

> (1) Compensated on a salary or fee basis . . . at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). The employer must demonstrate that the position or employee at issue meets all three prongs of § 541.200(a) to fall within the administrative employee exception. See id.

---

[3] In his objection, Tuck contends that the court must construe FLSA's exemptions narrowly. The Supreme Court, however, has expressly rejected such a rule. Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018) ("The Ninth Circuit also invoked the principle that exemptions to the FLSA should be construed narrowly. . . . We reject this principle as a useful guidepost for interpreting the FLSA."); Marcus v. Am. Cont. Bridge League, Inc., Civ. A. No. 17-11165-FDS, 2021 WL 1132161, at *14 (D. Mass. Mar. 24, 2021).

Whether a person's primary duties are directly related to the management or general business operations of an employer or its customers is a fact-intensive question that ordinarily should not be decided until "a full factual record has been compiled." See McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47, 48 (1st Cir. 2005) (addressing FLSA's seaman's exemption); see also Hobson v. Local 689, Amalgamated Transit Union AFL-CIO, No. TDC-21-2374, 2022 WL 3028073, at *2 (D. Md. Aug. 1, 2022) (rejecting argument at motion to dismiss stage that plaintiff was an administrative employee as a matter of law and pointing to absence of facts in the complaint demonstrating the plaintiff's primary duties); Moran v. GTL Const., LLC, No. 06 Civ. 168(SCR), 2007 WL 2142343, at *3 (S.D.N.Y. July 24, 2007) ("Because the burden of proving that the plaintiff is an exempt employee falls on the defendant and requires an examination of the totality of the facts, the court cannot decide, as a matter of law and based solely on information from Plaintiff's complaint, that Plaintiff is an exempt administrative employee."). A dismissal of FLSA claims under Rule 12(b)(6) because the individual falls within the administrative employee exemption is only appropriate if that result is "crystal clear under established law." See McLaughlin, 419 F.3d at 52-53.

The allegations, considered in the light most favorable to Tuck, do not make it "crystal clear" that he was an administrative employee under established law. To determine whether a person is an administrative employee, the court must undertake an extensive, fact-intensive analysis and consider all the circumstances of a person's employment, relating their job functions to the purposes of the

company for which they work. See 29 C.F.R. § 541.200; U.S. Dep't of Labor, Sec'y of Labor v. Unitil Serv. Corp., 573 F. Supp. 3d 566, 577-78 (D.N.H. 2021) (discussing standard). In particular, the allegations are insufficient to determine what Tuck's regular job duties were and whether he exercised independent discretion in performing those job duties.[4] The allegations indicate but do not establish that Tuck could have performed, at times, job functions that were administrative in nature, but defendants have not shown that he was an administrative employee as a matter of law.[5]

## CONCLUSION

Defendants' motion to dismiss (doc. no. 7) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 30, 2022

cc:  Counsel of Record

---

[4] Tuck and defendants agree that the first prong has been met even though Tuck alleges he was not, in fact, paid the minimum amount. See Donovan v. Agnew, 712 F.2d 1509, 1517 (1st Cir. 1983).

[5] Defendants also assert that, if the court dismisses Tuck's FLSA claims, the court should dismiss his remaining state claims for lack of subject matter jurisdiction. Defendants also raised but then withdrew an argument that they were not covered "employers" under RSA chapter 275. Since the precondition for the former argument has not occurred and the latter argument was withdrawn, the court addresses neither.